# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAVID T. BEAVERS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FORD MOTOR COMPANY, *et al.*, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 4:21-cv-00148 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b), Defendants Ford Motor Company ("Ford") and Ford Motor Credit Company LLC ("FMCC") respectfully file this Notice of Removal to remove this action from the Court of Common Pleas of Mahoning County, Ohio, to the United States District Court for the Northern District of Ohio. The grounds for removal are as follows:

## INTRODUCTION

1. On December 17, 2020, Plaintiff David T. Beavers ("Beavers") commenced an action against Ford and FMCC by filing a Class Action Complaint ("Complaint") in the Court of Common Pleas for Mahoning County, Ohio, captioned *David T. Beavers v. Ford Motor Company, et al.*, Case No. 2020 CV 02056 ("State Action"). A true and correct copy of all documents served on Ford or FMCC, including the Complaint, are attached as "**Exhibit A**."

2. The Complaint alleges that on or about July 29, 2020, Beavers purchased a new 2020 Ford Escape ("Vehicle"). Compl. ¶ 5.

3. As reflected in the Ohio Vehicle Retail Installment Contract ("Contract") for the Vehicle, the cash sale price for the Vehicle was $29,647.00, Beavers made a $4,000 down payment, Beavers traded in another vehicle that was secured by a loan from another lender with a remaining balance of $10,152.78, and agreed to pay other charges. Declaration of Miguel R. Brookes ("Dec."), ¶ 3. The Dec. is attached as Exhibit B. A copy of the Contract is attached to the Dec. as Exhibit 1.

4. The Complaint alleges that beginning on or around August 2, 2020, the Vehicle experienced problems and that beginning on or around August 4, 2020, Beavers brought the Vehicle to a Ford dealership for repairs. Compl. ¶¶ 14-17.

5. In September 2020, Beavers stopped making monthly payments under the Contract, and he contends that the Vehicle is a "lemon." Compl., ¶¶ 33, 42.

6. In November 2020, Ford offered to purchase the Vehicle, but the purchase price which it offered to pay would leave Beavers owing FMCC "over $7,500[,]" which the Complaint alleges was because the offer included a deduction for mileage and failed to pay him for the "negative equity" caused by the amount that Beavers owed on his trade-in. Compl., ¶¶ 50-51.

7. Based on these alleged facts, the Complaint purports to assert claims on behalf of Beavers and a putative class against Ford for violation of the Ohio New Motor Vehicle Warranty Act, R.C. 1345.71, et seq. ("NMVWA," also known as the Ohio "Lemon Law"), fraud, unjust enrichment, violation of the Ohio Consumer Sales Practice Act ("CSPA"), and intentional and negligent infliction of emotional distress, and seeks compensatory damages, punitive damages and attorneys' fees.

## TIMELINESS OF REMOVAL

8. Beavers filed the State Action Complaint on December 17, 2020. Ford was served with the Complaint through its statutory agent on December 31, 2020. FMCC has no record of being served with the Complaint but was served with documents relating to a temporary restraining order issued by the State Court on December 31, 2020. Thus, this Notice of Removal is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C).

## PLACE OF REMOVAL

9. The United States District Court for the Northern District of Ohio is the appropriate venue for removing an action from the Court of Common Pleas of Mahoning County, Ohio, where the State Action is pending. 28 U.S.C. § 1441(a); 28 U.S.C. § 115.

## DIVERSITY OF CITIZENSHIP

10. Beavers is an individual and resident of the state of Ohio. Compl. ¶ 1.

11. Ford and FMCC are Delaware corporations with their principal places of business located in Dearborn, Michigan. Dec., ¶¶ 3 and 4; *see also* 28 U.S.C. § 1332(c).

12. Accordingly, complete diversity of citizenship exists under 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

13. The amount in controversy exceeds $75,000, exclusive of interests and costs.

14. In calculating the amount in controversy, the Court should consider the total amount of monetary relief that Beavers seeks to recover, including statutorily authorized attorneys' fees. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) ("It is generally agreed in this circuit that the amount in controversy should be determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'") (citing *Buckeye Recyclers v. CHEP USA*, 228 F. Supp. 2d 818, 821 (S.D. Ohio 2002)); *Danan v. Am. Honda Motor Co.*, No.

1:17 CV 260, 2017 U.S. Dist. LEXIS 89838, at *14 (N.D. Ohio June 9, 2017) ("[W]here attorney's fees are statutorily authorized [such as under R.C. § 1345.75(A)], they are to be considered in determining the amount in controversy.").

15. Damages under the NMVWA are comprised of the "full purchase price" of the Vehicle, defined as the "contract price for the motor vehicle, including charges for transportation, undercoating, dealer-installed options and accessories, dealer services, dealer preparation, and delivery charges; all finance, credit insurance, warranty, and service contract charges incurred by the consumer; and all sales tax, license and registration fees, and other government charges" (R.C. 1345.71(F)), plus "incidental damages, including, but not limited to, any fees charged by the lender or lessor for making or canceling the loan or lease, and any expenses incurred by the consumer as a result of the nonconformity, such as charges for towing, vehicle rental, meals, and lodging." (R.C. 1345.72(B)). The Complaint alleges that incidental damages include the "negative equity" caused by the balance which Beavers owed on the loan for the trade-in. Combining those items provides a total of more than $42,000. Compl. ¶¶ 64, 72, 77; Ex. B-1, page 1.

16. A violation of the CSPA permits a consumer to recover actual damages and in certain circumstances, treble damages. R.C. 1345.09(A). Here, the Complaint asserts that Ford breached a warranty and thus violated the CSPA, entitling Beavers to treble damages. Compl. ¶¶ 80-85.

17. Beavers alleges that he is a disabled veteran with PTSD, that the issues with the Vehicle caused him to fear for his safety while driving and gave him "severe anxiety," and thus the Complaint seeks additional damages for emotional distress and medical treatment. Compl. ¶¶ 16, 20, 87 and 89.

18. The Complaint also asserts a claim for fraud and seeks punitive damages. Compl. ¶¶ 69-73 and p. 12, Prayer, ¶ B. Under Ohio law, in an appropriate case, punitive damages may be awarded for fraud and for negligent or intentional infliction of emotional distress. *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 183, 327 N.E.2d 654 (1975); *Dimora v. Ne. Ohio Corr. Ctr.*, No. 4:14CV1221, 2015 U.S. Dist. LEXIS 30002, at *4-5 (N.D. Ohio Mar. 11, 2015); *Wille v. City of Moraine*, Case No. C-3-94-443, 1996 U.S. Dist. LEXIS 20264, at *91 (S.D. Ohio Jan. 2, 1996). Punitive damages may be included for the purposes of calculating the amount in controversy. *Dimora*, 2015 U.S. Dist. LEXIS 30002, at *4 (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)).

19. The Complaint also seeks attorneys' fees. Compl., p. 12, Prayer, ¶ C. Attorneys' fees may be recovered by statute under the CSPA and NMVWA and thus are included in the amount in controversy for purposes of diversity jurisdiction. R.C. 1345.09(F)(1); R.C.1345.75(A); *Danan*, 2017 U.S. Dist. LEXIS 89838, at *14.

20. Taken together, the total amount of monetary relief that the Complaint seeks exceeds $75,000 and, therefore, satisfies the amount in controversy requirement.

## **CONCLUSION**

21. For these reasons, the State Action is within the original jurisdiction of this Court. The State Action is therefore removable to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b).[1]

---

[1] The Complaint also purports to assert a class action. At this early stage, Ford is unable to determine from the documents provided by Beavers to date whether this case meets the criteria for eligibility for removal under 28 US.C. § 1453. Because Beavers' individual claim is otherwise removable, that issue is not presently before the Court.

22. No admission of fact, law, or liability is intended by the Notice of Removal, and all defenses, affirmative defenses, and motions are hereby reserved.

23. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Court of Common Pleas of Mahoning County, Ohio, and a copy is being served upon Beavers.

WHEREFORE, Defendants remove the above-captioned action from the Court of Common Pleas of Mahoning County, Ohio to the United States District Court for the Northern District of Ohio.

Respectfully submitted,

/s/Scott A. King
Scott A. King (0037582)
Jessica E. Salisbury-Copper (0085038)
THOMPSON HINE LLP
10050 Innovation Drive, Suite 400
Miamisburg, OH 45342-4934
Telephone: 937.443.6560
Facsimile: 937.443.6635
Scott.King@ThompsonHine.com
Jessica.Salisbury-Copper@ThompsonHine.com

Doori C. Song (0099200)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
Telephone: 216.566.5648
Facsimile: 216.566.5800
Doori.Song@ThompsonHine.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent a copy by electronic mail and ordinary U.S. Mail, postage prepaid, to the following:

James S. Wertheim
James S. Wertheim LLC
23811 Chagrin Blvd., Suite 330
Beachwood, Ohio 44122
wertheimjim@gmail.com

                 /s/Scott A. King
                 Scott A. King